# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PONCE DELEON SPIGHT<br>　　Plaintiff,<br><br>v.<br><br>DAVIDSON COUNTY SHERIFF'S OFFICE<br>　　Defendant. | ]<br>]<br>]<br>]　No. 3:14-1287<br>]　CHIEF JUDGE HAYNES<br>]<br>]<br>] |

## MEMORANDUM

Plaintiff, Ponce Deleon Spight, an inmate at the Metro Davidson County Detention Facility in Nashville, filed this pro se action under 42 U.S.C. § 1983 against the Defendant Davidson County Sheriff's Office, seeking unspecified relief.

According to his complaint, on May 3, 2014, Plaintiff awoke in his cell at the Davidson County Criminal Justice Center without any feeling in his legs. Guards allegedly pulled Plaintiff from his bed onto the floor and left his cell. Fifteen (15) minutes later, an unnamed guard returned and threw several items at the Plaintiff's face and verbally abused him. Plaintiff alleged that this conduct constitutes a violation of his rights.

To state a claim for § 1983 relief, the Plaintiff must allege facts that a person or persons, acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). A county sheriff's department is not a "person" that can be sued under 42 U.S.C. § 1983. Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007). As a pro se litigant entitled to a liberal construction, the Court could construe the complaint as stating a claim against Davidson County, the entity responsible for the operation of the Criminal Justice Center. However, for Davidson County to be liable, the Plaintiff

must allege plausible facts that his federal rights were violated due to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 689-690 (1978). Plaintiff does not allege such facts. The Court concludes that Plaintiff fails to state a claim upon which relief can be granted. Thus, the Court must dismiss the action <u>sua sponte</u>. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

It is so **ORDERED**.

**ENTERED** this the 17th day of June, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court